JS 6

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

BEATS ELECTRONICS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,

Plaintiff,

v.

RIDER BEST, INC., A CALIFORNIA CORPORATION; WEIJAN WU, AN INDIVIDUAL, AND DOES 1-10, INCLUSIVE,,

Defendants.

CASE No. 2:14-CV-03350-DSF-RZ

**JUDGMENT UPON CONSENT**

Judge: Hon. Dale S. Fischer

    Pursuant to the stipulation of Beats Electronics LLC ("Beats") and Rider Best, Inc. ("Rider Best"), it is hereby **ORDERED, ADJUDGED AND DECREED** as between the Parties that:

1. This Court has personal jurisdiction over Parties, who reside in California. This Court has jurisdicton over the subject matter hereof pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1367.

2. Beats is the owner of intellectual property rights including but not limited to United States Trademark Registration Nos. 3,514,282, 3,881,677 and 4,060781 for famous design marks used to identify Beats' products including but not limited to headphones and speakers (collectively the "Beats Marks"). The Beats Marks are valid and in full force and effect.

3. On or about February 24, 2014 in the course of executing a search warrant at Rider Best's locations at 448 South Los Angeles Street, Unit 4, Los Angeles, CA 90013 and 915 E. 11th Street, Los Angeles, CA 90021, Los Angeles County detectives discovered approximately 1,120 plastic buttons bearing the Beats Marks. Detectives also discovered 2,344 product specification stickers bearing the Beats Marks and 2,303 logo stickers bearing the Beats Marks.

4. Although Rider Best denies Beats' allegations, the Court is informed that the parties have amicably resolved their dispute and memorialized that resolution in a confidential settlement agreement pursuant to which Rider Best consents to entry of this Judgment among other terms and conditions not specifically set forth herein.

5. Judgment is hereby entered against Rider Best in the amount of one hundred fifty thousand dollars ($150,000).

6. Rider Best, including its officers, directors, principals, agents, parents, affiliated entities, employees, successors, licensees, partners, and assigns and all those acting in active concert or participation with it, are permanently enjoined throughout the world from:

a. using any reproduction, counterfeit, copy, or colorable imitation of any trademark owned by Beats, including but not limited to its famous Beats Marks, in any manner likely to cause confusion, or to cause mistake, or to deceive;

b. taking any action that is likely to cause consumers to believe that any goods or services offered by Rider Best originate from, are authorized by, or are otherwise affiliated with Beats;

c. otherwise infringing Beats' intellectual property rights in any manner, whether directly, contributorily, vicariously or in any other way; and

d. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein; and

e. Other than by an order of this Court:

   i. manufacturing, importing, distributing, selling, moving, destroying, or otherwise disposing of any goods, boxes, labels, packaging or other items or documents bearing any reproduction, counterfeit, or imitation of the Beats Marks, which such use is likely to cause confusion, or to cause mistake, or to deceive;

   ii. moving, destroying, or otherwise disposing of any business records or documents relating in any way to the manufacture, importation, acquisition, purchase, distribution, or sale of goods or merchandise bearing any reproduction, counterfeit, or imitation of the Beats Marks, which such use is likely to cause confusion, or to cause mistake, or to deceive; or

   iii. assisting any third party in identifying, moving, destroying, or otherwise disposing of any reproduction, counterfeit or imitation goods, as well as any records pertaining to reproduction, counterfeit or imitation goods, which such use is likely to cause

confusion, or to cause mistake, or to deceive.

  f. Nothing in the Order shall prohibit Rider Best or its officers, directors, principals, agents, parents, affiliated entities, employees, successors, licensees, partners, and assigns or others acting in active concert or participation with it from selling or offering to sell products bearing genuine Beats Marks.

  7. IT IS FURTHER ORDERED that Beats may perform unannounced inspections, during Rider Best's business hours, of Rider Best's entire inventory, and to take possession of any and all goods bearing counterfeit or unauthorized imitations of any of the Beats Marks. The inspections may be carried out by Beats personnel, or by investigators retained by Beats. Beats is further granted the right to audit, without advance notice, all of Rider Best's purchases of goods.  Rider Best shall maintain in good order all of its records reflecting purchases of all goods.  Upon an audit being initiated, Rider Best shall cooperate with Beats by making available for copying and inspection all documents that could reflect suppliers of, purchases of, and/or payments for any goods.  Any documents obtained from Rider Best for the purposes of copying shall be returned within two (2) business days. Unannounced inspections and audits under this paragraph shall be limited to two (2) per year.

  8. IT IS FURTHER ORDERED that Rider Best and its officers, directors, principals, agents, parents, affiliated entities, employees, successors, licensees, partners, and assigns and all those acting in active concert or participation with it will not manufacture, import, sell, offer to sell or otherwise commercially exploit goods bearing any mark owned by Beats without Beats' explicit, written prior approval.

  9. This Court retains jurisdiction, including without limitation personal jurisdiction over Rider Best for the purpose of making any further orders necessary or proper for the enforcement, construction or modification of this Judgment, and the punishment of any violations thereof.

  10. This Judgment shall be deemed to have been served upon the Parties at

the time of its execution by the Court.

11. The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Rider Best as specified herein.

**IT IS SO ORDERED.**

Entered this 8th day of June, 2015

Dale S. Fischer

Hon. Dale S. Fischer
United States District Judge